IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| DAVOL KNIGHT ET AL., | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | |
| | * | Civil No. 25-4089-BAH |
| U.S. BANK NATIONAL ASSOCIATION, | | |
| | * | |
| Defendant. | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM OPINION</u>**

Pro se Plaintiffs Davol Knight and Britany Harkins (collectively "Plaintiffs") brought suit against Defendant U.S. Bank National Association ("U.S. Bank") in the Circuit Court for Baltimore City alleging claims arising out of a "mortgage loan process facilitated by U.S. Bank." ECF 2 (capitalization altered). U.S. Bank removed the action to this Court. ECF 1. Pending before the Court is U.S. Bank's motion to dismiss.[1] ECF 6. Plaintiffs filed correspondence, ECF 8, which the Court will construe as an opposition to the motion.[2] U.S. Bank filed a reply, ECF 9,

---

[1] A Rule 12/56 notice was mailed to Plaintiffs on December 17, 2025. ECF 7.

[2] Plaintiffs' correspondence at ECF 8 argues that "promissory notes are legal tender," *id.* at 1–3, purports to detail a "mortgage fraud scheme," *id.* at 4–7, and attempts to define for the Court "what is and what is not legal tender of the United States," *id.* at 8–9 (capitalization altered). Plaintiffs' correspondence contains little meaningful opposition to the arguments advanced in U.S. Bank's motion to dismiss, and the Court agrees with U.S. Bank that to the extent Plaintiffs fail to present substantive arguments in response to U.S. Bank's motion, they have conceded Defendants' points on those issues. *Middleton v. Baltimore City Police Dep't*, Civ. No. ELH-20-3536, 2022 WL 268765, at \*23 (D. Md. Jan. 28, 2022) ("A plaintiff who fails to respond to an argument for dismissal is deemed to have abandoned the claim."). Moreover, to the extent Plaintiffs' filing at ECF 8 attempts to introduce new allegations into this litigation not contained in the complaint, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citation omitted).

and Plaintiffs filed additional correspondence,[3] ECF 12.  The Court has reviewed all relevant filings and finds that no hearing is necessary.[4]  *See* Loc. R. 105.6 (D. Md. 2025).  Accordingly, for the reasons stated below, U.S. Bank's motion is **GRANTED**.

## I.    BACKGROUND

Plaintiffs allege that they file their complaint "regarding the deceptive and unconscionable nature of the mortgage loan process facilitated by U.S. Bank."  ECF 2, at 1.  Plaintiffs argue that U.S. Bank "engaged in a course of conduct that systematically misrepresented the fundamental nature of the transaction, failed to provide valuable consideration, and unjustly enriched itself" at Plaintiffs' expense, which Plaintiffs assert renders their "mortgage contract void."  *Id.*  The crux of Plaintiffs' allegation of fraud is that U.S. Bank never intended to "lend its own money," and instead "provided a loan approval letter," which Plaintiffs assert "was merely a promise to lend, not evidence of existing capital."  *Id.*  Plaintiffs assert that "U.S. Bank received a line of credit based on the future revenue stream of [Plaintiffs'] 30-year repayment obligation" and "profited by receiving this credit . . . while assuming no risk with its own assets."  *Id.* at 2.

Plaintiffs list four bases for their complaint, including "failure of consideration," "lack of good faith and fair dealing," "unjust enrichment," and "voidable contract."  *Id.* (capitalization altered).  There is also a section of the complaint titled "fraudulent misrepresentation," in which

---

[3] Plaintiffs frame their additional correspondence as presenting "the controlling dispute in direct form."  ECF 12, at 1.  The correspondence lists a variety of "governing" authorities, including federal statues, purported portions of the Congressional Record, and case law. *See id.* at 25.  The Court construes this document as a surreply due to its attempt to provide the Court with authority to rule in Plaintiffs' favor.  *See generally id.*  "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  Loc. R. 105.2(a) (D. Md. 2025); *see also Hall v. Prince George's Cnty.*, 189 F. Supp. 2d 320 (D. Md. 2002).  Plaintiffs did not request leave to file a surreply.  Accordingly, the Court will not consider the surreply at ECF 12.

[4] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Plaintiffs assert that U.S. Bank "lied," "breached its fiduciary duties to the borrower and is therefore guilty of criminal breach of trust," "concealed" certain facts, and "made material misrepresentations." *Id.* at 3. This section of the complaint further alleges that U.S. Bank "violated its corporate charter," and "failed to comply with federal mortgage servicing requirements under the Real Estate Settlement Procedures Act (RESPA)" by neglecting "to provide a timely and complete response to a Qualified Written Request (QWR)" or deliver "the required Life of Loan Transaction Report." *Id.*

"As a direct and proximate result of U.S. Bank's fraud," Plaintiffs allege that they have "suffered significant damages, including but not limited to being bound to an onerous long-term loan under false pretenses." *Id.* By way of relief, Plaintiffs request that the "transaction be declared null and void," the "mortgage be released," and any funds "paid be returned." *Id.* at 2. Plaintiffs also "seek appropriate damages for the costs and burdens" incurred "as a result of U.S. Bank's deceptive practices." *Id.*

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

**B.      Rule 9(b)**

If a complaint allegation sounds in fraud, it must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) in order to survive a motion to dismiss. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784, 789 (4th Cir. 1999). Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). "These facts are often 'referred to as the who, what, when, where, and how of the alleged fraud.'" *Id.* (internal quotation marks omitted) (quoting *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). "Failure to comply with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6)." *Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 504 (D. Md. 2002) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999)).

**C.      Liberal Construction**

Because Plaintiffs bring this suit pro se, the Court must liberally construe their pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404

4

U.S. 519, 520 (1972).  This leniency has its limits, though.  "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'"  *Runge v. Barton*, Civ. No. 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.   ANALYSIS

Plaintiffs' complaint identifies several purported bases for this lawsuit, all of which appear to relate to the allegation that U.S. Bank engaged in fraud or deception during the mortgage loan process.  *See generally* ECF 2.  The Court construes the complaint liberally and addresses Plaintiffs' allegations in full, including their claims sounding in fraud, in contract, and any claims purportedly arising under other federal and state laws.

### A.   Claims Sounding in Fraud

Plaintiffs' complaint centers on an allegation that U.S. Bank engaged in a "profound deception" in the mortgage loan process.  ECF 2, at 1.  It is because of this "fraud" that Plaintiffs assert entitlement to relief.  *Id.* at 3.  However, as U.S. Bank observes, Plaintiffs fail to state a claim for fraud pursuant to Rule 9(b)'s more stringent particularity requirements.  *See Kellogg Brown & Root, Inc.*, 525 F.3d at 379.  Plaintiffs have provided no factual allegations to support their fraud claims, much less to satisfy the "who, what, when, where and how of the alleged fraud" as required under Rule 9(b).  *Id.* (citation omitted).  Rather, Plaintiffs ambiguously refer to the misrepresentation allegedly made by U.S. Bank, but they do not actually articulate what facts were misrepresented or how they have been damaged as a result.

"The purpose of Rule 9(b) is 'to prevent frivolous suits, [to] stop fraud actions where everything is learned after discovery (i.e., fishing expeditions), and to protect defendants'

reputations.'" *Bowers v. Legum & Norman Realty, Inc.*, 776 F. Supp. 3d 294, 304 (D. Md. 2025) (quoting *U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 195 (4th Cir. 2022)). Accordingly, a complaint that complies with the requirements of Rule 9(b) should ordinarily make the defendant "aware of the particular circumstances for which [it] will have to prepare a defense at trial," among other things. *Id.* (quoting the same). Here, Plaintiffs' complaint fails to offer any factual allegations regarding who, on behalf of U.S. Bank, made "misrepresentations" or when such "misrepresentations" were made in the course of the "mortgage loan process." *See* ECF 2, at 1–3. Moreover, the general "fraud" Plaintiffs purport to describe appears to track the ordinary process of obtaining a mortgage loan. *See id.* at 1 ("The process began with U.S. Bank requiring us to sign mortgage loan application, which functioned as promissory note. By signing this document, we were obligated to repay specific sum to U.S. Bank before receiving any funds."); ECF 6-1, at 5. U.S. Bank has no notice, on the face of this complaint, of the particular allegations of fraud in order to prepare a defense. *See Bowers*, 776 F. Supp. 3d at 304. Accordingly, Plaintiffs' claims sounding in fraud will be dismissed.

### B.    Claims Sounding in Contract

Plaintiffs' complaint also advances several allegations which sound in contract. Specifically, Plaintiffs assert that U.S. Bank breached its mortgage contract with Plaintiffs because there was allegedly no consideration provided by U.S. Bank. *See* ECF 2, at 2 ("U.S. Bank provided no valuable consideration of its own at the inception of this transaction."). Relatedly, Plaintiffs claim that the mortgage contract is "voidable" because of a "lack of mutual assent . . . from the beginning." *Id.*

"To state a breach of contract claim, a plaintiff must show that the parties reached a valid and binding agreement; that the defendant breached the terms of the agreement; and that the plaintiff suffered damages as a result of the breach." *McGowens v. Bank of Am.*, Civ. No. ELH-

14-1101, 2015 WL 1137749, at *8 (D. Md. Mar. 12, 2015) (citing *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)).  "In other words, '[i]t is the parties' agreement that ultimately determines whether there has been a breach.'"  *Id.* (quoting *Mathis v. Hargrove*, 888 A.2d 277, 396 (Md. App. 2008)).  To survive a motion to dismiss a breach of contract claim asserted under Maryland law, a complaint must "allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant." *Robinson v. GEO Licensing Co., L.L.C.*, 173 F. Supp. 2d 419, 423 (D. Md. 2001) (quoting *Yousef v. Trustbank Sav., F.S.B.*, 568 A.2d 1134, 1137 (Md. App. 1990)).

Here, Plaintiffs have failed to sufficiently allege any contract claim arising from their mortgage-related transaction with U.S. Bank.  Specifically, Plaintiffs have failed to identify any terms of the mortgage contract that U.S. Bank purportedly breached, the circumstances which gave rise to their dealings, or any particulars about the damages which resulted.  *See McGowens*, 2015 WL 1137749, at *9 (dismissing breach of contract claim where the plaintiff "failed to identify any terms in the promissory note, Deed of Trust, or any other contract that defendant purportedly breached"); *Parillon v. Fremont Inv. & Loan*, Civ. No. L-09-3352, 2010 WL 1328425, at *4 (D. Md. Mar. 25, 2010) (dismissing breach of contract claim where the plaintiff did " not identify a term set forth in the Loan, the Deed of Trust, or any other contract, that a named defendant breached").

Plaintiffs' attempts to assert contract-related claims for "lack of good faith and fair dealing" and "unjust enrichment" fare no better.  *See* ECF 2, at 2.  First, "Maryland does not recognize a separate cause of action for breach of the implied duty of good faith and fair dealing."  *Bowers v. Bank of Am., N.A.*, 905 F. Supp. 2d 697, 703 (D. Md. 2012) (citing *Baker v. Sun Co., Inc.*, 985 F. Supp. 609, 610 (D. Md. 1997)).  Indeed, attempts at asserting such claims have been previously

described in this District "as 'precisely the kind of meritless dispute between lender and defaulting commercial borrower that the courts . . . have been quick to put to rest.'" *CapitalSource Fin. LLC v. Pittsfield Weaving Co.*, 571 F. Supp. 2d 668, 673 (D. Md. 2006) (quoting *Howard Oaks, Inc. v. Md. Nat'l Bank*, 810 F. Supp. 674, 678 (D. Md. 1993)).

Second, "[a] claim for unjust enrichment . . . requires that a plaintiff show, among other facts, that the defendant retained a benefit conferred by the plaintiff 'under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.'" *Bowers*, 905 F. Supp. 2d at 703 (quoting *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007)). The only benefit Plaintiffs allege U.S. Bank has retained is the value of "a line of credit based on the future revenue stream of [Plaintiffs'] 30-year repayment obligation." ECF 2, at 2. Yet, Plaintiffs have not pled that U.S. Bank improperly retained any payments or other benefits from Plaintiffs, and they do not adequately explain how the mortgage loan process they describe produced a benefit that U.S. Bank inequitably retained. *Cf. Bowers*, 905 F. Supp. 2d at 703 ("The only benefit Bowers has pled that he conferred on BOA is the value of his mortgage payments and interest, which were conferred in exchange for his home, property he apparently continues to own. Thus, he has not pled that BOA is retaining any benefit inequitably, and he does not state a plausible claim for unjust enrichment."). Accordingly, Plaintiffs' claims sounding in contract will be dismissed.

### C.    Other Claims

The complaint also asserts a few other allegations related to U.S. Bank's fiduciary duties and RESPA. *See* ECF 2, at 3. The Court addresses those allegations briefly, none of which succeed in stating a claim.

First, Plaintiffs allege that "U.S. bank breached all of its fiduciary duties" to Plaintiffs and "is therefore guilty of criminal breach of trust by failing in its good faith requirement." *Id.* To the

extent that Plaintiffs attempt to assert a tort for breach of fiduciary duty, "Maryland courts . . . do not recognize a separate tort of breach of fiduciary duty." *Parillon*, 2010 WL 1328425, at *4. Moreover, it is "well established that 'the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor and is not fiduciary in nature.'" *Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 633 (D. Md. 2009) (quoting *Yousef*, 568 A.2d at 1138). And to the extent Plaintiffs attempt to assert violations of criminal law, they cannot do so. Plaintiffs do not invoke any criminal statutes in the complaint, but regardless, "[a] civil litigant cannot" typically "assert a cause of action under federal criminal provisions." *Loper v. Howard Cnty. Pub. Sch. Sys.*, Civ. No. ELH-20-3789, 2021 WL 3857857, at *10 (D. Md. Aug. 27, 2021) (collecting cases). Neither can Plaintiffs assert any "civil cause of action to force the criminal prosecution of another." *Noonan v. Allen*, Civ. No. ELH-12-3668, 2012 WL 6726711, at *2 (D. Md. Dec. 21, 2012) (collecting cases).

Second, Plaintiffs briefly invoke RESPA, 12 U.S.C. § 2605, alleging that U.S. Bank "failed to comply with federal mortgage servicing requirements" under RESPA by neglecting "to provide a timely and complete response to a" QWR and by failing to "deliver the required Life of Loan Transaction Report." ECF 2, at 3. "To state a claim under RESPA's QWR provisions, a plaintiff must allege: '(1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages.'" *Gillis v. Household Fin. Corp. III*, Civ. No. GJH-18-3923, 2019 WL 3412621, at *10 (D. Md. July 29, 2019) (quoting *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 417 (D. Md. 2018)). A QWR is defined under the applicable statute as written correspondence that "(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the

9

servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The statute imposes upon a mortgage servicer a duty to respond to a QWR under RESPA "within 5 days (excluding legal public holidays, Saturdays, and Sundays)" after receiving a QWR "for information relating to the servicing of [a federally related mortgage] loan." *Id.* § 2605(e)(1)(A).

Here, Plaintiffs do not expressly allege that they submitted a QWR, let alone provide sufficient detail for the Court to ascertain whether they sent a *valid* QWR under RESPA. *See Elias v. Am. Fin. Res.*, Civ. No. BAH-24-489, 2026 WL 479069, at *8 (D. Md. Feb. 20, 2026) (dismissing a RESPA QWR claim where complaint did "not provide sufficient detail for the Court to ascertain whether" the borrower "sent a valid QWR under RESPA"). Moreover, Plaintiffs have not alleged "when any purported QWR was sent in order to plausibly allege a failure to timely respond" or "any information regarding any actual damages that flowed from" U.S. Bank's "alleged failure to respond to any QWR." *See id.*; *see also Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 575 (E.D.N.C. 2012) ("[E]ven assuming the notice was a valid QWR and that BAC failed to acknowledge receipt of Plaintiffs' QWR or failed to respond timely and adequately to Plaintiffs' questions therein, Plaintiffs nevertheless do not state a claim under 12 U.S.C. § 2605(e) as Plaintiffs fail to allege any pecuniary loss attributable to the RESPA violation."). Accordingly, Plaintiffs fail to state a RESPA claim.

## IV.    **CONCLUSION**

For the foregoing reasons, U.S. Bank's motion to dismiss is granted. All claims in the complaint are dismissed.

A separate implementing order will issue.

Dated: <u>March 3, 2026</u>                                   <u>        /s/        </u>
                                                              Brendan A. Hurson
                                                              United States District Judge

10